United States District Court
Southern District of Texas
**ENTERED**
September 16, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MANUEL RAMIREZ, § | |
| TDCJ #01294326, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-321 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Defendants. § | |

# **ORDER**

The plaintiff, Manuel Ramirez (TDCJ #01294326), is an inmate in the custody of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Ramirez, a devout Muslim, has filed a complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging that various TDCJ and prison officials forced him to trim his beard in violation of the United States Supreme Court's opinion in *Holt v. Hobbs*, 135 S.Ct. 853 (2015) (Dkt. 1). Ramirez sought a declaration that the defendants' actions violated his Constitutional rights, as well as injunctive relief expunging disciplinary cases related to his beard length (Dkt. 1 at p. 9).

The Court dismissed Ramirez's claims without prejudice (Dkt. 12). All of his claims but one were mooted by either interunit transfers or the reversals of disciplinary cases in response to grievances. The remaining claim was perched squarely on the often-blurry line between habeas and civil rights lawsuits in the context of prison disciplinary proceedings, and the Court concluded that it was barred by the United States Supreme

Court's opinion in *Heck v. Humphrey*, 512 U.S. 477 (1994). Ramirez has filed a motion for an extension of time to file a motion for reconsideration (Dkt. 13). Even though the motion made no substantive arguments and only asked for an extension, the Court *sua sponte* reexamined its application of *Heck*.

The Court will reinstate the claim that it previously concluded was *Heck*-barred. That claim seeks the expunction of disciplinary convictions stemming from Ramirez's incarceration at the Ramsey Unit in Brazoria County. Ramirez claims (and the documents attached to his complaint seem to bear out) that he was punished for violating the TDCJ grooming policy related to beard length, even though an identical policy instituted in the Arkansas prison system had already been struck down in *Hobbs*. The Court concluded that the *Heck* bar applied because Ramirez sought expunction of the disciplinary convictions and did not challenge any procedural defects in those disciplinary proceedings. *Cf. White v. Fox*, 294 Fed. App'x 955, 960–61 (5th Cir. 2008).

However, the Court has learned from the TDCJ website that Ramirez has been convicted of aggravated robbery, which renders him ineligible for release to mandatory supervision in Texas. TEX. GOV'T CODE § 508.149(a)(12). For eligible inmates, release to mandatory supervision is generally required "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." TEX. GOV'T CODE § 508.147(a); *Jackson v. Johnson*, 475 F.3d 261, 263 n.1 (5th Cir. 2007). But Texas inmates who are not eligible for early release to mandatory supervision—meaning inmates who are only eligible for early release on parole—have no right to or Constitutional expectancy of early release because release on parole is entirely

discretionary. *See Malchi v. Thaler*, 211 F.3d 953, 957–58 (5th Cir. 2000); *Teague v. Quarterman*, 482 F.3d 769, 774–76 (5th Cir. 2007). As a result, Texas state inmates who are not eligible for release to mandatory supervision may not challenge the results of prison disciplinary proceedings by way of federal habeas, even if the disciplinary proceedings resulted in the loss of good-time credits. *See id*.

In other words, Ramirez's claim for expunction of the Ramsey disciplinary convictions "raised no claim on which habeas relief could have been granted on any recognized theory[.]" *Muhammad v. Close*, 540 U.S. 749, 754–55 (2004). "There is no need to preserve the habeas exhaustion rule and no impediment under *Heck* in such a case[.]" *Id*. at 751–52. Based on the foregoing, Ramirez's claim requesting expunction of the disciplinary cases from the Ramsey Unit that have not been overturned and expunged is **REOPENED** under this docket number. All of Ramirez's other claims, which were dismissed without prejudice, will remain closed. The Court will **GRANT** Ramirez's application to proceed *in forma pauperis* (Dkt. 2) by separate order. All other motions are **DENIED**.

The Clerk of this Court shall send a copy of this Order to the parties.

SIGNED at Galveston, Texas, this 16th day of September, 2016.

_George C. Hanks Jr._
George C. Hanks Jr.
United States District Judge