Case 3:15-cv-00321   Document 17   Filed in TXSD on 11/14/16   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
November 14, 2016
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MANUEL RAMIREZ, § | |
| TDCJ #01294326, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:15-CV-321 |
| § | |
| BRAD LIVINGSTON, *et al*, § | |
| § | |
| Defendants. § | |

## ORDER REQUESTING A *MARTINEZ* REPORT

The plaintiff, Manuel Ramirez (TDCJ #01294326), is currently incarcerated in the Clements Unit of the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Ramirez, a devout Muslim, has filed a complaint under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA") alleging that various TDCJ and unit officials forced him to trim his beard in violation of the United States Supreme Court's opinion in *Holt v. Hobbs*, 135 S.Ct. 853 (2015) (Dkt. 1). He further alleges that one official at the Ramsey Unit, in retaliation for Ramirez's filing grievances related to his beard, ordered Ramirez transferred to the more dangerous Eastham Unit, where another inmate tried to stab him (Dkt. 1 at pp. 5, 15). Ramirez seeks a declaration that the defendants' actions violated his Constitutional rights, as well as injunctive relief expunging disciplinary cases related to his beard length (Dkt. 1 at p. 9).

For reasons explained in prior orders, the Court dismissed most of Ramirez's claims without prejudice (Dkt. 12 and Dkt. 14). The remaining claims seek the

expunction of disciplinary convictions stemming from Ramirez's incarceration at the Ramsey Unit in Brazoria County. Ramirez claims that he was punished for violating the TDCJ grooming policy related to beard length, even though an identical policy instituted in the Arkansas prison system had already been struck down in *Hobbs*.

The Court needs to examine pertinent records that are presumably in the possession of TDCJ. Accordingly, to supplement the pleadings and enable the Court to evaluate Ramirez's claims, the Court **ORDERS** the State Attorney General's Office to provide a report to the Court for its review within **sixty (60) days** under *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1987). *See Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

The Clerk will provide a copy of this order to the parties. The Clerk shall further provide a copy of this order, along with copies of Ramirez's complaint and the Court's prior orders (Dkt. 1, Dkt. 12, and Dkt. 14), to Jacqueline Lee Haney, Assistant Attorney General for the State of Texas, Law Enforcement Defense Division, 300 W. 15th Street, Austin, Texas 78701, by Fax at 512-936-2109 or electronically.

SIGNED at Galveston, Texas, this 14th day of November, 2016.

_____
George C. Hanks Jr.
United States District Judge