United States District Court
Southern District of Texas
**ENTERED**
May 31, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MANUEL CAUDILLO RAMIREZ; aka ZAFEER'ANEEF, TDCJ #01294326, | § § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:15-CV-0321 |
| BRYAN COLLIER,[1] *et al*, | § § § | |
| Defendants. | § § | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Manuel Caudillo Ramirez ("Ramirez"), is a state inmate who is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") at the Wynne Unit in Huntsville. Ramirez originally brought this civil rights action for injunctive relief under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), alleging that he was wrongfully punished in a series of disciplinary cases for wearing a beard in violation of the prison grooming policy. He is *pro se* and he proceeds *in forma pauperis* (Dkt. 15). On August 12, 2016, the Court dismissed most of Ramirez's claims without prejudice after determining that they were moot (Dkt. 12). His sole remaining claim is that he is entitled to relief from a series of

---

[1] Ramirez originally named Executive Director Brad Livingston, who has since retired, as the lead defendant (Dkt. 1 at 1). Because Bryan Collier has succeeded Livingston as Executive Director of TDCJ, Collier is substituted in Livingston's place pursuant to Federal Rule of Civil Procedure 25(d).

disciplinary convictions that he received when he was confined at the Ramsey Unit in Rosharon.[2]

At the Court's request, the Office of the Attorney General, as *amicus curiae*, filed a *Martinez* Report (Dkt. 24), which the Court has converted to a motion for summary judgment (Dkt. 25). The report includes an affidavit from Regional Director Tony O'Hare, who explains that offenders are currently allowed to wear a 4-inch beard if they are approved for a religious beard under the recently amended TDCJ grooming policy (Exhibit A); copies of Ramirez's pertinent disciplinary, classification, and housing records (Exhibit B); and copies of the relevant Administrative Directives for identification cards and grooming standards (Exhibit C).

Ramirez has not filed a response in opposition to any of the arguments or evidence presented in the *Martinez* Report, and his time to do so has expired. The Court has considered the pleadings, the *Martinez* Report, the evidence in the record, and the applicable law, and concludes that this case must be dismissed for the reasons that follow.

I.  **BACKGROUND**

As a Sunni Muslim, Ramirez contends that he is required to wear a beard as a tenet of his religious faith (Dkt. 1 at 9). On January 20, 2015, the Supreme Court held that a grooming policy enforced by the Arkansas Department of Corrections, which prohibited prisoners from growing a quarter-inch beard, violated the RLUIPA. *See Holt v. Hobbs*, 135 S. Ct. 853 (2015). On February 8, 2015, Ramirez filed a Step 1 Grievance

---

[2] The Court initially dismissed this claim as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), but later reconsidered its dismissal *sua sponte* and reopened the case for further consideration (Dkt. 14).

(Grievance No. 2015088390) "challenging the constitutionality of [TDCJ's] grooming policy," which at that time required all inmates to be clean shaven unless they qualified for a medical exemption (Dkt 1-1 at 1). Citing the decision in *Hobbs,* Ramirez requested permission to wear a half-inch beard (*Id*. at 2). On February 17, 2015, prison officials responded to the Step 1 Grievance by explaining that existing policy did not allow offenders to wear beards without the proper authorization (Dkt. 1-1 at 2). Ramirez filed a Step 2 Grievance to appeal that result (Dkt. 1-1 at 3-4).

Before Ramirez submitted his Step 2 Grievance appeal he incurred a series of disciplinary convictions at the Ramsey Unit. On March 10, 2015, Ramirez was charged in two cases (#20150200332 and #20150195054) stemming from separate incidents in which he created a disturbance and then later failed to obey an order to submit to hand restraints (Dkt. 24, Ex. B, at 23, 31). He was convicted of both disciplinary offenses (*Id*.). As a result, Ramirez temporarily lost an assortment of privileges, forfeited 15 days of previously earned good-time credit, and was reduced in classification status (*Id*.).

On March 29 and 30, 2015, Ramirez was charged in two additional cases (#20150217730 and #20150217736) with refusing to shave in compliance with the prison grooming policy (Dkt. 24, Ex. B, at 38, 47). Ramirez was found guilty as charged in both cases following a hearing that he declined to attend on April 6, 2015 (*Id*.). As a result of these convictions, Ramirez lost additional privileges, forfeited a total of 75 days of previously earned good-time credit, and was further reduced in classification status (*Id*.).

Shortly thereafter, Ramirez was transferred from the Ramsey Unit to the Eastham Unit (Dkt. 24, Ex. B, at 20).[3]

On April 30, 2015, prison officials responded to the Step 2 Grievance appeal that had been filed by Ramirez, noting that TDCJ was "preparing to permit any TDCJ offender to grow up to a half-inch beard for religious purposes," but that it was "expected to take approximately six months before this policy is implemented" (Dkt. 1-1, at 4). On August 1, 2015, TDCJ changed its grooming policy to allow inmates with a religious exemption to wear a beard of up to a half inch in length (Dkt. 24-1, Ex. A at 1).

On October 13, 2015, Ramirez filed his complaint in this case (Dkt. 1). By this time, Ramirez had been transferred to the Clements Unit in Amarillo and the new policy allowing half-inch beards was already in effect (Dkt. 1 at 1). On February 1, 2017, TDCJ again changed its policy to allow religious beards up to 4 inches in length (Dkt. 24-1, Exhibit A at 1).[4] Ramirez contends in his sole remaining claim that he is entitled to relief

---

[3] Ramirez has alleged previously in this case that he was transferred from the Ramsey Unit in retaliation for the grievances he filed about the grooming policy (Dkt. 1 at 5). The disciplinary records reflect, however, that Ramirez was transferred as the result of receiving multiple disciplinary convictions in the span of a month (Dkt. 24, Ex. B, at 23, 31, 38, 47). Ramirez does not present any direct evidence of retaliation or allege a chronology from which retaliation may be plausibly inferred and he does not otherwise show that, but for retaliatory animus, he would not have been transferred. As a result, he has failed to demonstrate a valid retaliation claim. *See Johnson v. Rodriguez*, 110 F.3d 299, 310 (5th Cir. 1997). Because this claim is without merit, the Court does not address it further.

[4] Because Ramirez has received the relief he requested in his grievance as the result of the change in policy allowing four-inch religious beards, his claims for injunctive relief under the RLUIPA are moot. *See, e.g., Strong v. Livingston*, No. 2:16-CV-131, 2018 WL 1115656, at *8-9 (S.D. Tex. Feb. 1, 2018), *report and recommendation adopted*, 2018 WL 1071453 (S.D. Tex. Feb. 27, 2018) (finding that there was no longer a controversy between the parties where the TDCJ changed its grooming policy to allow the plaintiff to trim his beard and avoid the annual shave requirement).

under the Due Process Clause from the disciplinary convictions entered against him at the Ramsey Unit for refusing to shave pursuant to the grooming policy that was in effect at the time.

## II. STANDARDS OF REVIEW

### A. The PLRA and *Pro Se* Pleadings

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the PLRA to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). An administrative report submitted by state officials pursuant to *Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978) (a "*Martinez* report"), is a tool to assist courts in making a determination of frivolity under 28 U.S.C. § 1915. *See Norton v. Dimazana*, 122 F.3d 286, 292-93 (5th Cir. 1997); *see also Cay v. Estelle*, 789 F.2d 318, 323 & n.4 (5th Cir. 1986) (discussing the utility of a *Martinez* report).

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)

(internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

B.  **Summary Judgment — Rule 56**

The Court has construed the *Martinez* report filed by the Attorney General's Office as a motion for summary judgment on behalf of the defendants (Dkt. 25). Rule 56 of the Federal Rules of Civil Procedure mandates the entry of summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). If the movant demonstrates the absence of a genuine issue of material fact, the burden shifts to the non-movant to provide "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the movant meets this initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. *See Celotex*, 477 U.S. at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations omitted).

In deciding a summary judgment motion, the reviewing court must "construe all facts and inferences in the light most favorable to the nonmoving party." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal citation and quotation marks omitted). However, the non-movant cannot avoid summary judgment simply by presenting "conclusory allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation." *Jones v. Lowndes Cnty.*, 678 F.3d 344, 348 (5th Cir. 2012) (quoting *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant cannot demonstrate a genuine issue of material fact with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence). Likewise, Rule 56 does not impose upon the Court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment; evidence not referred to in the response to the motion for summary judgment is not properly before the Court, even if it exists in the summary judgment record. *Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003).

Ramirez has not filed a response to the *Martinez* report as directed by the Court (Dkt. 25). Notwithstanding the plaintiff's failure to respond, summary judgment may not be awarded by default "simply because there is no opposition, even if the failure to oppose violated a local rule." *Hibernia Nat'l Bank v. Administration Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985). "However, a court may grant an unopposed summary judgment motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." *Day v. Wells Fargo Bank Nat'l Ass'n*, 768 F.3d

435, 435 (5th Cir. 2014) (citation omitted); *see also Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988). Although the plaintiff in this case is proceeding *pro se*, "the notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his or her burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992). Even a *pro se* plaintiff must specifically refer to evidence in the summary judgment record in order to place that evidence properly before the court. *See Outley v. Luke & Assocs., Inc.*, 840 F.3d 212, 217 (5th Cir. 2016) (citing *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014) ("Despite our general willingness to construe pro se filings liberally, we still require pro se parties to fundamentally abide by the rules that govern the federal courts . . . . *Pro se* litigants must properly . . . present summary judgment evidence") (quotation marks omitted)).

## III. DISCUSSION

Ramirez contends that he is entitled to relief because his disciplinary convictions (Cases #20150217730 and #20150217736) for violating the prison grooming policy, which was later changed, violated the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Prison inmates are protected in the prison disciplinary context by the Due Process Clause. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). However, prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause *only* when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). A Texas prisoner can demonstrate a constitutional violation in the

prison disciplinary context only if he first satisfies the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary conviction at issue must have resulted in a loss of previously earned good-time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000) (explaining that only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good-time credit).

The record confirms that Ramirez, who is currently serving a prison sentence for, among other offenses, aggravated robbery, is not eligible for mandatory supervision. *See* Tex. Gov't Code § 508.149(a)(12) (excluding prisoners convicted of aggravated robbery from eligibility for mandatory supervision). Because Ramirez had no liberty interest in the good-time credit that he forfeited, he cannot demonstrate that a due process violation occurred as the result of the challenged disciplinary proceedings. *See Malchi*, 211 F.3d at 957-58. None of the other sanctions imposed (the loss of privileges and reduction in classification status) affect the duration of a Texas prisoner's sentence or impose an "atypical, significant deprivation" that is protected by a liberty interest. *Sandin*, 515 U.S. at 473. As a result, Ramirez cannot establish that any of the punishment imposed implicates due process concerns. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Malchi*, 211 F.3d at 958; *Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). Absent punishment that imposed upon a protected liberty interest, Ramirez cannot establish a due process violation or state a valid claim for relief under 42 U.S.C. § 1983.

Alternatively, even assuming that a liberty interest was affected, Ramirez does not show that his disciplinary convictions were entered without the required minimum

amount of due process. Prison disciplinary proceedings "take place in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so." *Wolff*, 418 U.S. at 561. In this context, the minimum amount of procedural due process is generally limited to: (1) advance written notice of the disciplinary charges at least 24 hours before a disciplinary hearing; (2) an opportunity to call witnesses and present documentary evidence (when the presentation is not unduly hazardous to institutional safety and correctional goals); and (3) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action. *See id*. at 563-67. In addition, there must be "some evidence to support the findings made in the disciplinary hearing." *Superintendent, Mass. Correctional Institution v. Hill*, 472 U.S. 445, 457 (1985).

Administrative officials who reviewed the disciplinary convictions challenged by Ramirez determined that there were no procedural errors and that there was sufficient evidence to support the charge and verdict (Dkt. 1-1 at 17-20). Ramirez does not contend that he was denied adequate notice of the charges or an opportunity to present testimony. The record shows that he was given an opportunity to be heard, but declined to attend the disciplinary proceedings against him (Dkt. 24, Ex. B at 23, 31). The record also confirms that he was served with a copy of the disciplinary hearing officer's decision in each case, which relied upon testimony from the charging officer and his written report (*Id*.). A charging officer's report and testimony is sufficient evidence to sustain a disciplinary conviction for purposes of the Due Process Clause. *See Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001) (finding that the offense report, standing alone, meets the "some

evidence" standard); *Stewart v. Thigpen*, 730 F.2d 1002, 1005-06 (5th Cir. 1984) (review of prison disciplinary board's decision limited to whether that decision is supported by "some facts" or "any evidence at all"); *Smith v. Rabalais*, 659 F.2d 539, 545 (5th Cir. 1981) ("No de novo review of the disciplinary board's factual finding is required, but the courts must consider whether at least the decision is supported by 'some facts' [or] 'whether any evidence all' supports the action taken by prison officials.")(citation omitted). Ramirez concedes that he violated the grooming policy that was in effect at the time the disciplinary offenses were committed. Under these circumstances, he does not show that he was punished without due process or that he has a valid claim for relief under 42 U.S.C. §1983. Accordingly, the Court will grant summary judgment for the defendants and will dismiss the sole remaining claim.

## IV. CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1. The *Martinez* report, which has been construed as a motion for summary judgment (Dkt. 24) is **GRANTED**.
2. This civil action filed by Manuel Caudillo Ramirez is **DISMISSED** with prejudice. A separate final judgment will issue.

The Clerk will provide a copy of this order to all parties of record.

SIGNED at Galveston, Texas, this 31st day of May, 2018.

George C. Hanks Jr.
United States District Judge